UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALIGN TECHNOLOGY, INC., <br><br> Plaintiff, <br><br> v. <br><br> STRAUSS DIAMOND INSTRUMENTS, INC., <br><br> Defendant. | Case No. 18-cv-06663-TSH <br><br> **ORDER GRANTING LEAVE TO FILE AMENDED COMPLAINT** <br><br> Re: Dkt. No. 25 |

## I. INTRODUCTION

Plaintiff Align Technology, Inc. ("Align"), the manufacturer of Invisalign clear aligners and iTero intraoral scanners, filed a complaint on November 1, 2018, alleging eight causes of action against Defendant Strauss Diamond Instruments, Inc. ("Strauss"), including a claim for design patent infringement. Align now seeks leave to amend its complaint to dismiss its patent infringement claim pursuant to Federal Rule of Civil Procedure 15(a). ECF No. 25. Strauss filed an Opposition (ECF No. 41) and Align filed a Reply (ECF No. 52). Having considered the parties' positions, relevant legal authority, and the record in this case, the Court **GRANTS** the motion for the following reasons.

## II. BACKGROUND

Align filed its complaint against Strauss on November 1, 2018. In that complaint Align alleged the following eight causes of action: (1) unfair competition and false designation of origin

1  under 15 U.S.C. § 1125(a); (2) federal trademark infringement under 15 U.S.C. § 1114; (3) federal trademark counterfeiting under 15 U.S.C. § 1114; (4) federal trademark dilution under 15 U.S.C. § 1125(c); (5) violation of California Business and Professions Code § 17200; (6) violation of California Business and Professions Code § 17500; (7) common law trademark infringement, unfair competition and passing off; and (8) patent infringement under 35 U.S.C. § 271.  On December 27, 2018 Strauss filed a Motion to Dismiss for Lack of Jurisdiction for Improper Venue.  ECF No. 15.  In its motion, Strauss argued that this Court is an improper venue for Align's patent infringement claim and that the non-patent claims stem from the same transaction and thus should be dismissed or transferred all together.  After reviewing Align's opposition and Strauss's reply, the Court requested additional briefing from Align on the following question: if the Court transfers the patent claim to another venue, should the Court transfer the entire case along with it?  Order for Additional Briefing, ECF No. 24.  Three days later, Align filed the present motion seeking leave to amend the complaint to dismiss the patent infringement claim. ECF No. 26.

### III.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a)(1), a party may amend its pleading once as a matter of course within 21 days of serving it.  Further amendment of the pleadings is allowed with the opposing party's consent or leave of the court.  Fed. R. Civ. P. 15(a)(2).  The Court considers five factors in deciding a motion for leave to amend: (1) bad faith on the part of the movant; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint.  *In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013).  The rule is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotations and citation omitted).  Generally, a court should determine whether to grant leave indulging "all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).  "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , [or] futility of

amendment, etc.'" *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## IV. DISCUSSION

### A. Bad Faith

Align argues it has not acted in bad faith seeing as no case scheduling deadlines have been put in place and no case management conference has been held. Mot. at 3. Strauss argues that it is bad faith for Align to seek to proceed on the non-patent claims in one court and the patent claims in another court, "unduly burdening Defendant." Opp. to Mot. at 5, ECF No. 41. Furthermore, Strauss argues that "it is bad faith for Align to argue that Defendant seeks dismissal of Align's patent infringement claim (Motion to Amend, D.I. 25, p. 2, lines 3-5 and 18-19), without mentioning that Defendant sought dismissal of the entire case, and never once isolated its request for relief to the patent infringement claim." *Id.* at 5.

Bad faith may be shown when a party seeks to amend late in the litigation process with claims which were, or should have been, apparent early. *Bonin v. Calderon*, 59 F.3d 815, 846 (9th Cir. 1995). Furthermore, "bad faith" generally refers to efforts to amend the pleadings late in the litigation in order to obtain an unfair tactical advantage. *Id.*

Strauss's argument that it would be unduly burdened by having to litigate its patent claims in one district and its nonpatent claims in another district is not a bad faith argument but rather, a prejudice argument. Strauss has failed to establish that in seeking dismissal of its patent claim Align is seeking the change merely to "prolong the litigation by adding new but baseless legal theories," or is making "frivolous filings" or that the motion was filed "for an improper purpose," or that Align's actions "constitute a fraud and willful imposition on the dignity of the court." *Fresno Unified Sch. Dist. v. K.U. ex rel. A.D.U.,* 980 F. Supp. 2d 1160 (E.D. Cal. 2013). Accordingly, this factor weighs in favor of granting leave to amend.

### B. Undue Delay

Align argues it did not delay in seeking leave to amend seeing as no deadline for amending pleadings has been set yet, no case management conference has been held, and no case schedule is in place. Mot. at 3. Strauss argues that "Plaintiff knew of the defect in its assertion of pendent

3

1  venue over the patent claim at least as early as November 13, 2018" and could have sought leave
2  to amend its complaint at any time prior to Align's motion to dismiss for improper venue. Opp. at
3  4.

"[D]elay alone no matter how lengthy is an insufficient ground for denial of leave to amend." *United States v. Webb*, 665 F.2d 977, 980 (9th Cir. 1981); *see also Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). However, undue delay combined with other factors may warrant denial of leave to amend. *See, e.g., Jackson*, 902 F.2d at 1387-89 (holding that prejudice and undue delay are sufficient to deny leave to amend); *Morongo Band of Mission Indians*, 893 F.2d at 1079 ("delay of nearly two years, while not alone enough to support denial, is nevertheless relevant").

Strauss argues that its counsel informed Align of the pendent venue defect in November 13, 2018. While it does appear that Align could have sought dismissal of the patent claim three months ago, a delay of three months while the case is still in its early stages does not constitute undue delay. *B.R. & W.R. v. Beacon Health Options*, No. 16-cv-04576-MEJ, 2017 WL 930796 *2 (N.D. Cal. Mar. 9, 2017) (delay of five months was not undue delay when the action was "still in its incipient stage"). Accordingly, this factor also weighs in favor of granting leave to amend.

### C. Prejudice to the Opposing Party

Align argues that there will be no prejudice to Strauss if Align is granted leave to amend seeing as "Align seeks only to dismiss its claim for patent infringement, which claim Defendant has itself moved to dismiss." Mot. at 3. Strauss, in turn, argues that if the Court grants leave to amend the complaint it would allow Align the opportunity to "launch a second lawsuit against Strauss Diamond at any time." Furthermore, Strauss argues that Strauss "and its customers will have the threat of patent infringement litigation by Align hanging over them, or worse, be forced to defend separate claims in a different court . . . ."

"[T]he consideration of prejudice to the opposing party [ ] carries the greatest weight" in the Court's analysis. *Eminence Capital*, 316 F.3d at 1052. "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) (citation omitted). In determining whether there is prejudice, courts consider whether the

4

amendment would "greatly change the parties' positions in the action, and require the assertion of new defenses." *Phoenix Solutions, Inc.v. Sony Elecs.*, Inc., 637 F. Supp. 2d 683, 690 (N.D. Cal. 2009) (citing *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)).

As the party opposing the amendment, Strauss bears the burden of showing prejudice based on the possibility of a second lawsuit. Strauss has not met this burden, having failed to provide legal support for the blanket assertion that the possibility of a second lawsuit in another jurisdiction constitutes sufficient prejudice to warrant denial of a motion for leave to amend a complaint.

### D. Futility of Amendment

Align argues that the amendment would not be futile given that it would "simplify the issues before the Court, and allow this case to proceed on the merits, as well as to a timely decision on Align's preliminary injunction motion." Mot. at 4. Strauss does not address this prong of the analysis.

"A motion for leave to amend may be denied if it appears to be futile or legally insufficient. However, a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim[.]" *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (citations omitted). As the Supreme Court has held, "'[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.'" *Foman*, 371 U.S. at 182.

Given that Align is omitting a claim rather than adding one, this factor does not weigh one way or another.

### E. Previous Amendment

The fifth factor is whether the plaintiff has previously amended his complaint. *In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d at 738. Here, Align has not previously amended its complaint but seeks to do so for the first time. Accordingly, this factor weighs in favor of granting leave to amend.

## V. CONCLUSION

For the reasons discussed above, all of the Rule 15 factors either weigh in favor of granting leave to amend or are neutral. Accordingly, Align's motion for leave to amend (ECF No. 25) is **GRANTED.**

**IT IS SO ORDERED.**

Dated: February 22, 2019

THOMAS S. HIXSON
United States Magistrate Judge