UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALIGN TECHNOLOGY, INC.,

    Plaintiff,

v.

STRAUSS DIAMOND INSTRUMENTS, INC.,

    Defendant.

Case No. 18-cv-06663-TSH

**DISCOVERY ORDER**

Re: Dkt. No. 90

    One purpose of a deposition is to learn things. And one of the things you might learn is who else you should depose. So, if you stipulate ahead of time that you will take the depositions of certain named individuals and that you will not seek to depose anyone else, you are walking into a situation in which you may learn of additional witnesses who have relevant knowledge, and you are agreeing ahead of time that you won't depose them. And you know you face that risk.

    That's what Align did here. The parties agreed "to extend the deadline for fact discovery until August 30 to complete the discovery that has already been served, including deferring the Shahar and Buccini depositions until after the scheduled mediation (and deferring the deposition of Darbi until later in July) and not for the purpose of serving new discovery or deposition notices." ECF No. 90-6. More specifically, based on the parties' emails, it is clear that Strauss Diamond agreed to this discovery extension in exchange for Align's commitment not to depose additional witnesses. Federal Rule of Civil Procedure 29(b) states that "parties may stipulate" to "limiting discovery," and there is no good reason not to hold Align to the agreement it made.

Align's request to depose Dr. Jason Watts after the close of fact discovery is **DENIED**.

**IT IS SO ORDERED.**

Dated: September 13, 2019

_____
THOMAS S. HIXSON
United States Magistrate Judge